Per Curiam.

Two questions are presented. One is whether the Tax Commissioner, in 1951, was precluded from redetermining the sales tax liability for the entire audit period from July 1,1945, to June 30,19497 by the provision of Section 5546-9(7, General Code, prescribing a four-year limitation for making sales tax assessments, excepting “(1) when the Tax Commissioner has substantial evidence of amounts of taxes collected by a vendor from consumers on retail sales which were not returned to the state either by means of cancelling prepaid tax receipts or by direct remittance, or (2) when the vendor assessed failed to file a return as required by Section 5546-125 of the General Code.”
As to the first exception, evidence of gross sales may be evidence of taxable sales, but it is not necessarily “substantial evidence” of the amount of taxes collected. If evidence of gross sales were always regarded as “substantial evidence” of the amount of taxes collected, the limitation provision of the statute would be meaningless.
As to the second exception, failure “to file a return,” means failure to file any return, not an accurate or perfect return.
The Board of Tax Appeals concluded that the time limitation provided by the statute was inapplicable under the facts of the case because “fraud had been practiced” on the Tax Commissioner by nondisclosure on the part of appellant. Such conclusion was erroneous and the board’s decision in this respect, being-unreasonable and unlawful, is reversed. That section precluded the commissioner from imposing an assessment covering the period prior to the *380 four-year period therein prescribed, the case not falling within the purview of either exception named in the statute. Daiquiri Club, Inc., v. Peck, Tax Commr., ante, 52.
The other question presented is whether the appellant’s payment of the assessment of $66, fixed by the Tax Commissioner after hearing on a petition for reassessment, deprived the commissioner of power and authority to make a second reassessment covering the same business in the same location and for the same period of time. This question was answered in the negative by the Board of Tax Appeals. Its decision in this respect, limited, however, by the four-year period above referred to, is affirmed. Daiquiri Club, Inc., v. Peck, Tax Commr., supra.
The decision of the Board of Tax Appeals is affirmed in part and reversed in part and the cause remanded.

Judgment accordingly.

Weygandt, C. J., Middleton, Taut, Matthias, Hart, Zimmerman and Stewart, JJ., concur.